IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LOWE PALMER | ) |
| | ) |
|   Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 16-0297-WS-N |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIM. ACTION NO. 11-0271-WS |
| | ) |
|   Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, Michael Lowe Palmer, a federal inmate proceeding *pro se*, filed the instant case alleging violations under 28 U.S.C. § 2255 (Doc. 220). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R) for appropriate action. Because Petitioner has failed to comply with the Court's Orders dated June 23, 2016, and November 10, 2016 (Docs. 221 and 224, respectively), it is recommended that this action be dismissed without prejudice.

On June 23, 2016, this Court issued an Order directing Petitioner to file his petition on this Court's form for a § 2255 action by July 22, 2016. (Doc. 221). Petitioner was cautioned that his failure to comply with the Court's order would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order. (*Id*.) Petitioner did not respond to the Court's Order. Due to this failure, the Court construed the lack of a response as an indication that Petitioner was no

1

longer interested in proceeding with his action. However, out of an abundance of caution, this Court entered a second Order on November 10, 2016, giving Petitioner another opportunity to file his petition on this Court's form for a § 2255 action by December 9, 2016. (Doc. 224). Therein, petitioner was "cautioned that this is his last opportunity to file his petition". (Doc. 224). Petitioner again failed to respond to the Court's order and the document has not been returned as undeliverable.

As a consequence of Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v.*

*Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GEN. LR. 72(c). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 27th day of December, 2016.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE